**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

CHRISTOPHER COREMIN,

      Plaintiff,

vs.

425 SUMMIT OWNER LLC, ZDG, LLC,
JOHN DOE 3 -20  (fictitious Name),
ABC CORPORATIONS 3 -  20
(fictitious Name)
      Defendants.

Civil Case No.:  Case  2:25-cv-10934

**DEFENDANT ZDG, LLC, ANSWER TO
PLAINTIFF'S COMPLAINT**

Defendant ZDG, LLC ("ZDG") submits the following Answer to Plaintiff Christopher Coremin's ("Plaintiff") Complaint filed on June 13, 2025 [Doc. 1].

Except as hereinafter admitted, qualified, or otherwise answered, ZDG denies each and every allegation contained in Plaintiff's Complaint. ZDG denies any and all liability to Plaintiff under any other statute, law, or theory in this matter.

**PARTIES**

1.     ZDG upon information and belief, admits that Plaintiff is a natural person residing in New Jersey. The remaining allegations in Paragraph 1 constitute legal conclusions to which no response is required.

2.     The allegations in Paragraph 2 do not pertain to this answering Defendant; thus, no response is required. To the extent that a response is required, ZDG lacks sufficient knowledge or information to justify a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies the same.

3.     The allegations in Paragraph 3 do not pertain to this answering Defendant; thus, no response is required. To the extent that a response is required, ZDG lacks sufficient knowledge or information to justify a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies the same.

4.      ZDG admits the allegations in Paragraph 4 to the extent that it maintains a place of business in New York. The other allegations in paragraph 4 constitute legal conclusions to which no response is required.

5.      The allegations in paragraph 5 constitute legal conclusions to which no response is required.

## JURISDICTION AND VENUE

6.      The allegations in Paragraph 6 constitute legal conclusions to which no response is required.

7.      The allegations in Paragraph 7 constitute legal conclusions to which no response is required.

8.      The allegations in Paragraph 8 constitute legal conclusions to which no response is required.

## NATURE OF THE ACTION

9.      The allegations in Paragraph 9 constitute legal conclusions to which no response is required. To the extent that a response is required,   ZDG denies the remaining allegations in Paragraph 9, including Plaintiff's characterization of the facts in issue. ZDG denies any and all liability to Plaintiff under any statute, law, or theory in this matter.

10.     The allegations in Paragraph 10 constitute legal conclusions to which no response is required. To the extent that a response is required,   ZDG denies the remaining allegations in Paragraph 10, including Plaintiff's characterization of the facts in issue. ZDG denies any and all liability to Plaintiff under any statute, law, or theory in this matter.

11.     The allegations in Paragraph 11 constitute legal conclusions to which no response is required. To the extent that a response is required,   ZDG denies the remaining allegations in

2

Paragraph 11, including Plaintiff's characterization of the facts in issue. ZDG denies any and all liability to Plaintiff under any statute, law, or theory in this matter.

12. The allegations in Paragraph 12 constitute legal conclusions to which no response is required. To the extent that a response is required,  ZDG denies the remaining allegations in Paragraph 12, including Plaintiff's characterization of the facts in issue. ZDG denies any and all liability to Plaintiff under any statute, law, or theory in this matter.

13. The allegations in Paragraph 13 constitute legal conclusions to which no response is required. To the extent that a response is required,  ZDG denies the remaining allegations in Paragraph 14, including Plaintiff's characterization of the facts in issue. ZDG denies any and all liability to Plaintiff under any statute, law, or theory in this matter.

14. The allegations in Paragraph 14 constitute legal conclusions to which no response is required. To the extent that a response is required,  ZDG denies the remaining allegations in Paragraph 14, including Plaintiff's characterization of the facts in issue. ZDG denies any and all liability to Plaintiff under any statute, law, or theory in this matter.

15. The allegations in Paragraph 15 constitute legal conclusions to which no response is required. To the extent that a response is required,  ZDG denies the remaining allegations in Paragraph 15, including Plaintiff's characterization of the facts in issue. ZDG denies any and all liability to Plaintiff under any statute, law, or theory in this matter.

16. The allegations in Paragraph 16 constitute legal conclusions to which no response is required. To the extent that a response is required,  ZDG denies the remaining allegations in Paragraph 16, including Plaintiff's characterization of the facts in issue. ZDG denies any and all liability to Plaintiff under any statute, law, or theory in this matter.

17.    The allegations in Paragraph 17 constitute legal conclusions to which no response is required. To the extent that a response is required,  ZDG denies the remaining allegations in Paragraph 17, including Plaintiff's characterization of the facts in issue. ZDG denies any and all liability to Plaintiff under any statute, law, or theory in this matter.

18.    The allegations in Paragraph 18 constitute legal conclusions to which no response is required. To the extent that a response is required,  ZDG denies the remaining allegations in Paragraph 18, including Plaintiff's characterization of the facts in issue. ZDG denies any and all liability to Plaintiff under any statute, law, or theory in this matter.

19.    The allegations in Paragraph 19 constitute legal conclusions to which no response is required. To the extent that a response is required,  ZDG denies the remaining allegations in Paragraph 19, including Plaintiff's characterization of the facts in issue. ZDG denies any and all liability to Plaintiff under any statute, law, or theory in this matter.

20.    The allegations in Paragraph 20 constitute legal conclusions to which no response is required. To the extent that a response is required,  ZDG denies the remaining allegations in Paragraph 20, including Plaintiff's characterization of the facts in issue. ZDG denies any and all liability to Plaintiff under any statute, law, or theory in this matter.

**DEMAND FOR TRIAL BY JURY**

21.    No response to Plaintiff's demand for a trial by jury is required.

22.    ZDG denies that Plaintiff is entitled to any of the relief sought in his "Prayer for Relief," including all subparts.

**AFFIRMATIVE DEFENSES**

1.    ZDG denies all allegations in Plaintiff's Complaint not expressly admitted herein.

2.    Plaintiff fails to state a claim upon which relief can be granted.

4

3.     Plaintiff lacks standing to bring an action against ZDG.

4.     At all times material hereto, ZDG was acting under authority of contract when repossessing the vehicle.

5.     At all times material hereto, ZDG was acting under authority of law when repossessing the vehicle.

6.     At all times material hereto, ZDG acted pursuant to industry standards, customs, and the applicable state and federal laws.

7.     ZDG exercised reasonable care in its actions at all times.

8.     At all times material hereto, Plaintiff was never in the threat of immediate injury, as ZDG did not cause a threat of immediate injury to Plaintiff.

9.     Any purported statutory violations by ZDG were unintentional and were the result of a bona fide error or mistake, notwithstanding the existence of policies and procedures reasonably adapted to avoid the same.

10.     Plaintiff's claims are barred by the doctrine of estoppel.

11.     Plaintiff failed to mitigate his damages, if any.

12.     Plaintiff's alleged damages, if any, are the result of Plaintiff's own conduct and the conduct of others over whom ZDG has no control.

13.     Plaintiff's claims fail, in whole or in part, to the extent that Plaintiff's damages, if any, were caused by his own acts and/or omissions.

14.     The conduct alleged in the Complaint does not support a claim for punitive damages against ZDG.

15.     Upon information and belief, Plaintiff's claims may be subject to a mandatory and binding arbitration provision.

16. Any potential claim by Plaintiff for punitive damages is barred by the provision in the Constitution of the United States prohibiting excessive damages, including punitive damages.

17. ZDG further incorporates by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein. Such defenses are incorporated by reference for the specific purpose of not waiving them, as they may be justified by the facts determined during discovery.

18. Plaintiff's claims are barred by the entire controversy doctrine.

19. Defendant asserts all relevant statutory defenses and immunities.

20. ZDG reserves the right to raise any additional affirmative defenses under the applicable laws that become known, or which ZDG becomes aware of, during the course of discovery or investigation.

## ADOPTION OF CLAIMS & RELIEF INURING TO THE BENEFIT OF DEFENDANT

21. Defendant hereby incorporates any and all pleadings and claims for affirmative relief by any party, which are demonstrated by fact, law, or motion to inure to the benefit of Defendant claims benefit by right to any such claims should they exist.

### NOTICE UNDER N.J.S.A. 2A:15-59.1 & R 1:4-8

22. ZDG hereby gives notice under N.J.S.A. 2A:15-59.1 and R. 1:4-8 to Plaintiff and requests that Plaintiff withdraw his claims as to ZDG which are not supported by the discovery in the case or provide evidentiary support for those factual allegations which are unsupported

6

against ZDG within twenty-eight (28) days. [1] Failure to do so will result in ZDG pursuing all remedies under N.J.S.A. 2A:15-59.1 and R. 1:4-8.[2]

## CROSS-CLAIM

## COUNT ONE

### (Contribution – Common Law)

23.     Defendant as and for their first cross-claim against Co-Defendants  425 SUMMIT OWNER LLC, JOHN DOE 3 -20 (fictitious Name), ABC CORPORATIONS 3 - 20 (fictitious Name)(Herein after known collectively as "Co-Defendant"  or "Co-Defendants") allege as follows:  Defendant while denying negligence, assert that any willful misconduct, fault or negligence was that of Co-Defendants and that the liability of Defendant, if any, was of a derivative or secondary nature and that the liability of Co-Defendants was of a primary character, thus giving rise to a duty on the part of said co-defendant to hold Defendant harmless and to indemnify Defendant from any loss herein and/or contribute to any judgment in favor of Plaintiff.

## COUNT TWO

### (Indemnification)

24.     Defendant as and for their second cross-claim against Co-Defendants alleges as follows: By reason of the contractual and/or legal relationship between Defendant    and Co-Defendants are obligated to defend, indemnify, and save harmless Defendant with respect to the

---

[1] Said notice is being given in compliance with Tocki v. Plastic Surg. v. Bartkowski, 344 N.J. Super. 399, 406-407 (App. Div. 2001), certif. den. 171 N.J. 338 N.J. 338 (2002) to provide a window of opportunity to withdraw the offending pleading and/or cure said defect.
[2] See also Sjogren, Inc. v. Caterina Ins. Agency, 244 N.J. Super. 369, (Law. Div. 1990). Award of attorney fees was proper under N.J. Stat. Ann. § 2A:15-59.1(b)

matters alleged in the Complaint.

## COUNT THREE

### (Contribution – Statutory)

25.         While denying all liability, Defendant as and for their third cross-claim against Co-Defendants are joint tortfeasors and demands contribution to any adverse verdict pursuant to the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq., and the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1.

### ANSWER TO ALL CROSS-CLAIMS

Defendant by way of Answer to All Cross-claims asserted against them, or which shall be asserted against them, deny each and every allegation contained therein.

### PRAYER

Considering the foregoing, Defendant ZDG, LLC. prays that Plaintiff Christopher Coremi's Complaint be dismissed with prejudice, that Plaintiff recover nothing, that Plaintiff be required to pay ZDG's attorney's fees and costs incurred in defending this lawsuit, and that ZDG be granted such other and further relief, in law and in equity, to which it is entitled.

RESPECTFULLY SUBMITTED this the 15th day of July, 2025.

*John J. Tambascia*

John J. Tambascia, Esquire (JT-7970)
Partner
Pillinger Miller Tarallo, LLP
75 Livingston Avenue
 Roseland, NJ 07068
Tel.: (908) 941-1771
Fax: (908) 941-1785

8

D: (914) 529-2267
E: Jtambascia@pmtlawfirm.com
***Attorneys for Defendant***
***ZDG, LLC.***