**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTOPHER COREMIN, | Civil Case No.:  Case  2:25-cv-10934 |
| Plaintiff, | |
| vs. | |
| 425 SUMMIT OWNER  LLC, ZDG, LLC, JOHN DOE 3 -20  (fictitious Name), ABC CORPORATIONS 3 -  20 (fictitious Name) | **DEFENDANTS** 425 SUMMIT OWNER  LLC, **ZDG, LLC, ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendants. | |

Defendants 425 SUMMIT OWNER LLC ("SUMMIT") and ZDG, LLC ("ZDG") submits the following Answer to Plaintiff Christopher Coremin's ("Plaintiff") Complaint filed on June 13, 2025 [Doc. 1].

Except as hereinafter admitted, qualified, or otherwise answered, SUMMIT and ZDG deny each and every allegation contained in Plaintiff's Complaint. ZDG denies any and all liability to Plaintiff under any other statute, law, or theory in this matter.

**PARTIES**

1.      SUMMIT and ZDG upon information and belief, admits that Plaintiff is a natural person residing in New Jersey. The remaining allegations in Paragraph 1 constitute legal conclusions to which no response is required.

2.      SUMMIT admits the allegations in Paragraph 4 to the extent that it maintains a place of business in New York. The other allegations in paragraph 4 constitute legal conclusions to which no response is required.

3.      The allegations in Paragraph 3 do not pertain to this answering Defendants; thus, no response is required. To the extent that a response is required, SUMMIT and ZDA lack sufficient knowledge

or information to justify a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies the same.

4.    ZDG admits the allegations in Paragraph 4 to the extent that it maintains a place of business in New York. The other allegations in paragraph 4 constitute legal conclusions to which no response is required.

5.    The allegations in paragraph 5 constitute legal conclusions to which no response is required.

## JURISDICTION AND VENUE

6.    The allegations in Paragraph 6 constitute legal conclusions to which no response is required.

7.    The allegations in Paragraph 7 constitute legal conclusions to which no response is required.

8.    The allegations in Paragraph 8 constitute legal conclusions to which no response is required.

## NATURE OF THE ACTION

9.    The allegations in Paragraph 9 constitute legal conclusions to which no response is required. To the extent that a response is required,   SUMMIT and ZDA deny  the remaining allegations in Paragraph 9, including Plaintiff's characterization of the facts in issue. SUMMIT and ZDA deny  any and all liability to Plaintiff under any statute, law, or theory in this matter.

10.    The allegations in Paragraph 10 constitute legal conclusions to which no response is required. To the extent that a response is required,   SUMMIT and ZDA deny  the remaining allegations in Paragraph 10, including Plaintiff's characterization of the facts in issue. SUMMIT and ZDA deny  any and all liability to Plaintiff under any statute, law, or theory in this matter.

11.      The allegations in Paragraph 11 constitute legal conclusions to which no response is required. To the extent that a response is required,   SUMMIT and ZDA deny  the remaining allegations in Paragraph 11, including Plaintiff's characterization of the facts in issue. SUMMIT and ZDA deny  any and all liability to Plaintiff under any statute, law, or theory in this matter.

12.      The allegations in Paragraph 12 constitute legal conclusions to which no response is required. To the extent that a response is required,   SUMMIT and ZDA deny  the remaining allegations in Paragraph 12, including Plaintiff's characterization of the facts in issue. SUMMIT and ZDA deny  any and all liability to Plaintiff under any statute, law, or theory in this matter.

13.      The allegations in Paragraph 13 constitute legal conclusions to which no response is required. To the extent that a response is required,   SUMMIT and ZDA deny  the remaining allegations in Paragraph 14, including Plaintiff's characterization of the facts in issue. SUMMIT and ZDA deny  any and all liability to Plaintiff under any statute, law, or theory in this matter.

14.      The allegations in Paragraph 14 constitute legal conclusions to which no response is required. To the extent that a response is required,   SUMMIT and ZDA deny  the remaining allegations in Paragraph 14, including Plaintiff's characterization of the facts in issue. SUMMIT and ZDA deny  any and all liability to Plaintiff under any statute, law, or theory in this matter.

15.      The allegations in Paragraph 15 constitute legal conclusions to which no response is required. To the extent that a response is required,   SUMMIT and ZDA deny  the remaining allegations in Paragraph 15, including Plaintiff's characterization of the facts in issue. SUMMIT and ZDA deny  any and all liability to Plaintiff under any statute, law, or theory in this matter.

16.      The allegations in Paragraph 16 constitute legal conclusions to which no response is required. To the extent that a response is required,   SUMMIT and ZDA deny  the remaining

allegations in Paragraph 16, including Plaintiff's characterization of the facts in issue. SUMMIT and ZDA deny any and all liability to Plaintiff under any statute, law, or theory in this matter.

17.     The allegations in Paragraph 17 constitute legal conclusions to which no response is required. To the extent that a response is required, SUMMIT and ZDA deny the remaining allegations in Paragraph 17, including Plaintiff's characterization of the facts in issue. SUMMIT and ZDA deny any and all liability to Plaintiff under any statute, law, or theory in this matter.

18.     The allegations in Paragraph 18 constitute legal conclusions to which no response is required. To the extent that a response is required, SUMMIT and ZDA deny the remaining allegations in Paragraph 18, including Plaintiff's characterization of the facts in issue. SUMMIT and ZDA deny any and all liability to Plaintiff under any statute, law, or theory in this matter.

19.     The allegations in Paragraph 19 constitute legal conclusions to which no response is required. To the extent that a response is required, SUMMIT and ZDA deny the remaining allegations in Paragraph 19, including Plaintiff's characterization of the facts in issue. SUMMIT and ZDA deny any and all liability to Plaintiff under any statute, law, or theory in this matter.

20.     The allegations in Paragraph 20 constitute legal conclusions to which no response is required. To the extent that a response is required, SUMMIT and ZDA deny the remaining allegations in Paragraph 20, including Plaintiff's characterization of the facts in issue. SUMMIT and ZDA deny any and all liability to Plaintiff under any statute, law, or theory in this matter.

<u>**DEMAND FOR TRIAL BY JURY**</u>

21.     No response to Plaintiff's demand for a trial by jury is required.

22.     ZDG denies that Plaintiff is entitled to any of the relief sought in his "Prayer for Relief," including all subparts.

<u>**AFFIRMATIVE DEFENSES**</u>

4

1.     SUMMIT and ZDA deny  all allegations in Plaintiff's Complaint not expressly admitted herein.

2.     Plaintiff fails to state a claim upon which relief can be granted.

3.     Plaintiff lacks standing to bring an action against SUMMIT and ZDA.

4.     At all times material hereto, SUMMIT and ZDA were acting under authority of contract when repossessing the vehicle.

5.     At all times material hereto, SUMMIT and ZDA were acting under authority of law when repossessing the vehicle.

6.     At all times material hereto, SUMMIT and ZDA acted pursuant to industry standards, customs, and the applicable state and federal laws.

7.     SUMMIT and ZDA exercised reasonable care in its actions at all times.

8.     At all times material hereto, Plaintiff was never in the threat of immediate injury, as SUMMIT and ZDA did not cause a threat of immediate injury to Plaintiff.

9.     Any purported statutory violations by SUMMIT and ZDA were unintentional and were the result of a bona fide error or mistake, notwithstanding the existence of policies and procedures reasonably adapted to avoid the same.

10.    Plaintiff's claims are barred by the doctrine of estoppel.

11.    Plaintiff failed to mitigate his damages, if any.

12.    Plaintiff's alleged damages, if any, are the result of Plaintiff's own conduct and the conduct of others over whom SUMMIT and ZDA had no control.

13.    Plaintiff's claims fail, in whole or in part, to the extent that Plaintiff's damages, if any, were caused by his own acts and/or omissions.

5

14.    The conduct alleged in the Complaint does not support a claim for punitive damages against SUMMIT and ZDA.

15.    Upon information and belief, Plaintiff's claims may be subject to a mandatory and binding arbitration provision.

16.    Any potential claim by Plaintiff for punitive damages is barred by the provision in the Constitution of the United States prohibiting excessive damages, including punitive damages.

17.    SUMMIT and ZDA further incorporates by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein. Such defenses are incorporated by reference for the specific purpose of not waiving them, as they may be justified by the facts determined during discovery.

18.    Plaintiff's claims are barred by the entire controversy doctrine.

19.    Defendants asserts all relevant statutory defenses and immunities.

20.    SUMMIT and ZDA reserve  the right to raise any additional affirmative defenses under the applicable laws that become known, or which SUMMIT and ZDA become aware of, during the course of discovery or investigation.

## ADOPTION OF CLAIMS & RELIEF INURING TO THE BENEFIT OF DEFENDANTS

21.    Defendants hereby incorporates any and all pleadings and claims for affirmative relief by any party, which are demonstrated by fact, law, or motion to inure to the benefit of Defendants claims benefit by right to any such claims should they exist.

## NOTICE UNDER N.J.S.A. 2A:15-59.1 & R 1:4-8

22.     ZDG hereby gives notice under N.J.S.A. 2A:15-59.1 and R. 1:4-8 to Plaintiff and requests that Plaintiff withdraw his claims as to ZDG which are not supported by the discovery in the case or provide evidentiary support for those factual allegations which are unsupported

6

against ZDG within twenty-eight (28) days. [1] Failure to do so will result in ZDG pursuing all

remedies under N.J.S.A. 2A:15-59.1 and R. 1:4-8.[2]

## CROSS-CLAIM

## COUNT ONE

## (Contribution – Common Law)

23.     Defendants as and for their first cross-claim against Co-Defendants, JOHN DOE 3

-20 (fictitious Name), ABC CORPORATIONS 3 - 20 (fictitious Name)(Herein after known

collectively as "Co-Defendants"  or "Co-Defendantss") allege as follows:  Defendants while

denying negligence, assert that any willful misconduct, fault or negligence was that of Co-

Defendantss and that the liability of Defendants, if any, was of a derivative or secondary nature

and that the liability of Co-Defendantss was of a primary character, thus giving rise to a duty on

the part of said co-Defendants to hold Defendants harmless and to indemnify Defendants from any

loss herein and/or contribute to any judgment in favor of Plaintiff.

## COUNT TWO

## (Indemnification)

24.     Defendants as and for their second cross-claim against Co-Defendantss alleges as

follows: By reason of the contractual and/or legal relationship between Defendants    and Co-

Defendantss are obligated to defend, indemnify, and save harmless Defendants with respect to the

matters alleged in the Complaint.

## COUNT THREE

---

[1] Said notice is being given in compliance with Tocki v. Plastic Surg. v. Bartkowski, 344 N.J. Super. 399, 406-407 (App. Div. 2001), certif. den. 171 N.J. 338 N.J. 338 (2002) to provide a window of opportunity to withdraw the offending pleading and/or cure said defect.

[2] See also Sjogren, Inc. v. Caterina Ins. Agency, 244 N.J. Super. 369, (Law. Div. 1990). Award of attorney fees was proper under N.J. Stat. Ann. § 2A:15-59.1(b)

**(Contribution – Statutory)**

25.        While denying all liability, Defendants as and for their third cross-claim against Co-Defendantss are joint tortfeasors and demands contribution to any adverse verdict pursuant to the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq., and the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1.

## ANSWER TO ALL CROSS-CLAIMS

Defendants by way of Answer to All Cross-claims asserted against them, or which shall be asserted against them, deny each and every allegation contained therein.

## PRAYER

Considering the foregoing, Defendants SUMMIT and ZDA. prays that Plaintiff Christopher Coremi's Complaint be dismissed with prejudice, that Plaintiff recover nothing, that Plaintiff be required to pay SUMMIT and ZDA's attorney's fees and costs incurred in defending this lawsuit, and that SUMMIT and ZDA be granted such other and further relief, in law and in equity, to which it is entitled.

RESPECTFULLY SUBMITTED this the 29th day of July, 2025.


*John J. Tambascia*

John J. Tambascia, Esquire (JT-7970)
Partner
Pillinger Miller Tarallo, LLP
75 Livingston Avenue
 Roseland, NJ 07068
Tel.:  (908) 941-1771
Fax:  (908) 941-1785
D: (914) 529-2267
E: Jtambascia@pmtlawfirm.com
***Attorneys for Defendants***
***425 Summit Owner, LLC and ZDG, LLC.***

8